UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHARON E. SNYDER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-393

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 11, 13. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 16), the administrative record (doc. 8),[2] and the record as a whole.

**I.**

    **A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of January 1, 2009. PageID 381-401. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cervical and lumbosacral sprains/strains, anemia, depression and anxiety. PageID 80.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory Kenyon on October 3, 2016. PageID 98-122. The ALJ issued a written decision on November 22, 2016 finding Plaintiff not disabled. PageID 78-88. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 82, 87.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 57-62. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in Plaintiff's Statement of Errors (doc. 12) and the Commissioner's memorandum in opposition (doc. 16). The undersigned incorporates the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[3] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a). Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in his assessment of the treating opinion offered by Bobby Lenox, Jr., D.O. Doc. 12. For the reasons set forth herein, the undersigned agrees.

Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other

substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Plaintiff's treating physician, Dr. Lenox, issued multiple opinions in this instance. PageID 934-39. On January 6, 2011, Dr. Lenox opined that Plaintiff was unable to work full or part time, specifically finding that she cannot stand or walk for more than one to four hours in a workday; sit for more than three-a-one-half to five hours per workday; lift more than ten pounds; and bend, squat, crawl, climb, push, or pull. PageID 928. On October 21, 2014, Dr. Lenox opined that Plaintiff's symptoms would frequently be severe enough to interfere with the attention and concentration required to perform simple work-related tasks; could stand or walk for no more than twenty minutes at a time (for a total of two hours in an eight-hour day); and could sit for no more than thirty minutes at a time (for a total of six hours in an eight-hour day); needs to shift positions at will from sitting, standing or walking, and needs a five-to-ten-minute break every thirty to fifty

5

minutes; could never lift ten pounds; could only reach with her arms twenty-five percent of a workday; and would likely be absent from work multiple times in a month. PageID 929-30.

The ALJ concluded that Dr. Lenox's 2011 and 2014 opinions were unentitled to controlling or deferential weight and, ultimately, found them entitled to little weight. PageID 84. In so finding, the ALJ stated that Dr. Lenox "provided no objective findings to support his medical opinion[s]" and, instead, "appears to have [relied] on an uncritical acceptance of [Plaintiff's] subjective pain complaints, which are inconsistent with the medical evidence." PageID 84. The ALJ thus found that "Dr. Lenox's medical opinion[s] [are] not supported by the medical record and [are] inconsistent with other medical evidence of record[.]" PageID 84.

In so finding, the ALJ erred by setting forth no substantive analysis of the controlling weight factors, a failure which deprives the undersigned of the ability to meaningfully review his conclusions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013). The only substantive critique of Dr. Lenox's opinions made by the ALJ was that, in setting out his opinions on the form provided, Dr. Lenox did not reference "objective findings to support his opinion" and, therefore, must "have [relied] on an uncritical acceptance of [Plaintiff's] subjective pain complaints." PageID 84. Such critique is an analysis of the "[s]upportability" factor found at 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion"). As noted by the Court on numerous occasions, the "supportability" factor set forth under 20 C.F.R. § 404.1527(c)(3) is not part of the controlling weight analysis. *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017); *Dunham v. Comm'r of Soc. Sec.*, No. 3:16-CV-414, 2017 WL 4769010, at *4 (S.D. Ohio Oct. 20, 2017), *report and recommendation adopted sub nom. Dunham v. Berryhill*, No. 3:16-CV-414,

2018 WL 502715 (S.D. Ohio Jan. 22, 2018); *Caraway v. Comm'r of Soc. Sec.*, No. 3:16-CV-138, 2017 WL 3224665, at *4 (S.D. Ohio July 31, 2017), *report and recommendation adopted sub nom. Caraway v. Berryhill*, No. 3:16-CV-138, 2017 WL 3581097 (S.D. Ohio Aug. 17, 2017); *Hall v. Comm'r of Soc. Sec.*, No. 3:17-CV-345, 2018 WL 3386311, at *4 (S.D. Ohio July 12, 2018), *report and recommendation adopted*, No. 3:17-CV-345, 2018 WL 3636590 (S.D. Ohio July 31, 2018); *Wolder v. Comm'r of Soc. Sec.*, No. 3:16-CV-00331, 2017 WL 2544087, at *4 (S.D. Ohio June 13, 2017), *report and recommendation adopted*, No. 3:16-CV-331, 2017 WL 2819882 (S.D. Ohio June 28, 2017); *Warren v. Comm'r of Soc. Sec.*, No. 3:16-CV-00099, 2017 WL 480405, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 3:16-CV-99, 2017 WL 1019508 (S.D. Ohio Mar. 14, 2017); *Klein v. Comm'r of Soc. Sec.*, No. 3:14-CV-78, 2015 WL 4550786, at *6 (S.D. Ohio Mar. 24, 2015).

Instead, the supportability factor under 20 C.F.R. § 404.1527(c)(3) "is one applied after the ALJ decides to 'not give the treating source's medical opinion controlling weight.'" *Lutz*, No. 3:16-CV-210, 2017 WL 3140878, at *3; *see also* 20 C.F.R. § 404.1527(c)(2) (stating that the supportability factor in paragraph (c)(3) is applied when the ALJ does "not give the treating source's medical opinion controlling weight"); *see also Gayheart*, 710 F.3d at 376 (noting that this factor is "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight").

Thus, although the ALJ "correctly noted the controlling-weight standard[,]" he "did not provide 'good reasons' for why [Dr. Lenox's] opinions fail to meet either prong of this test." *Gayheart*, 710 F.3d at 376. Again, the ALJ's conclusory assessment in this regard deprives the Court of the ability to conduct a meaningful review of the ALJ's assessment and, therefore, is error. *See id*. (finding error where the ALJ did "not identify the substantial evidence . . . purportedly inconsistent with [the treater's] opinions). Having failed to properly conduct a

7

controlling weight analysis of Dr. Lenox's opinion, the non-disability finding by the ALJ here at issue must be reversed.

Although not specifically argued by Plaintiff in her Statement of Errors, the undersigned also finds that the ALJ erred in providing a conclusory and perfunctory analysis of the opinions offered by the record-reviewers,[4] as well as the opinions offered by Plaintiff's mental health providers Cynthia Holloway, IMFT, LPN and Amber Plessinger-Williams, BSW, LSW.[5] On remand, the ALJ should conduct a thorough review of all opinion evidence anew and set forth a complete and appropriate analysis of the weight due to each such opinion.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately

---

[4] These record-reviewers are Leanne M. Bertani, M.D.; Jaime Lai, Psy.D.; James Cacchillo, D.O.; Paul Tangeman, Ph.D. The ALJ assigned favorable weight to each of these reviewers' opinions without any specific analysis whatsoever, which is error. "The ALJ's conclusory assessment of the record-reviewers' opinions thus erroneously fails to give a meaningful explanation of any of the required 20 C.F.R. § 404.1527(c) factors, and evidences application of "greater scrutiny" to the opinions given by treating sources, a practice deemed error by the Sixth Circuit." *Marks v. Colvin*, 201 F. Supp. 3d 870, 884 (S.D. Ohio 2016) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013) (holding that "the regulations do not allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight[,]" and "[i]ndeed, they call for just the opposite")).

[5] In addition to "medical source opinions," opinions from "other sources" can be used to establish the severity of a claimant's impairment and establish how impairments affect a claimant's ability to work. 20 C.F.R. § 404.1513(d). "Other sources" include medical sources such as nurse practitioners or counselors who do not qualify as "acceptable medical sources" under the regulations. *Id*. Although opinions from "other medical sources" who have treated a claimant are not entitled to controlling weight like those of a treating physician or psychologist, "other source" opinions may be entitled to more weight than "acceptable medical sources" under the unique circumstances of a given case. Soc. Sec. Ruling ("SSR") 06–03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (emphasis added). In fact, the opinions of "other sources" may even be given more weight than a treating physician if the "other sources" have seen the claimant more frequently than the "acceptable sources" and have provided better explanations for their opinions. *Id*.

establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   April 5, 2019                               s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge